# Exhibit A - Notice of Removal:
# 2019-CV-01587

*Docket, Complaint, and Summons*

# District of Columbia Superior Court
# Docket for Case #:  2009 CA 002888 B

## 2019 CA 002888 B FAHEY, A. KEVIN Vs. SC JOHNSON & SON, INC. JML



- Case Type:
- Civil II
- Case Status:
- Open
- File Date:
- 05/02/2019
- Action:
- Complaint for Consumer Protection Act Filed
- Status Date:
- 05/02/2019
- Next Event:
- 08/02/2019

**All Information**   **Party**   **Event**   **Docket**   **Receipt**   **Disposition**



### Party Information

**FAHEY, A. KEVIN**
- Plaintiff

| Disposition | Alias |
| --- | --- |
| Disp Date | **Party Attorney**<br>Attorney<br>WILLCOX, THOMAS C |

**SC JOHNSON & SON, INC.**
- Defendant

| Disposition | Alias |
| --- | --- |
| Disp Date | **Party Attorney** |

### Events

| Date/Time | Location | Type | Result | Event Judge |
| --- | --- | --- | --- | --- |
| 08/02/2019 09:30 AM | Courtroom 212 | Initial Scheduling Conference-60 | | |

### Docket Information

| Date | Docket Text | Image Avail. |
| --- | --- | --- |
| 05/02/2019 | Complaint for Consumer Protection Filed<br>Receipt: 426877  Date: 05/02/2019 | |
| 05/02/2019 | eComplaint. Filed. Submitted. 05/02/2019 06:39. ncv.<br>(NO INFORMATION SHEET SUBMITTED AT FILING)<br>Attorney: WILLCOX, Mr THOMAS C (445135)<br>A. KEVIN FAHEY (Plaintiff); | Image |
| 05/02/2019 | Event Scheduled<br>Event: Initial Scheduling Conference-60<br>Date: 08/02/2019   Time: 9:30 am<br>Judge: LOPEZ, JOSE M   Location: Courtroom 212 | |

| Date | Docket Text | | Image Avail. |
|------|-------------|---|---|
| 05/02/2019 | Issue Date:  05/02/2019<br>Service:  Summons Issued<br>Method:  Service Issued<br>Cost Per:  $<br><br>SC JOHNSON & SON, INC.<br>1525 Howe Street<br>RACINE, WI   53403<br>Tracking No: 5000215031 | | |

## Receipts

| Receipt Number | Receipt Date | Received From | Payment Amount |
|----------------|--------------|--------------|----------------|
| 426877 | 05/02/2019 | WILLCOX, Mr THOMAS C | $120.00 |
| Total | Total | Total | Total |
| | | | $120.00 |

## Case Disposition

| Disposition | Date | Case Judge |
|-------------|------|------------|
| Undisposed | | |

# Complaint

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| A. Kevin Fahey<br>5301 Birds View Lane, Unit D<br>Alexandria, VA | ) ) ) | |
| on behalf of the General Public of the<br>District of Columbia | ) ) | Civil Action No:  2019 CA 002888 B |
| Plaintiff, | ) ) | |
| SC Johnson & Son,  Inc.<br> 1525 Howe Street<br>Racine, WI 53403<br>     Defendant | ) ) ) | Jury Trial Demanded |
| | ) ) | |

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Kevin Fahey ("Plaintiff"), by and through his counsel, brings this action against the

Johnson & Johnson SC  (  the "Defendant" ) on behalf of the General Public of the District of

Columbia, and alleges the following based upon information, belief and the investigation of counsel:

## <u>NATURE OF THE CASE</u>

1. This is a representative action brought on behalf of Plaintiff and a nationwide class of

   consumers who purchased inspect repellant promising special benefits. Specifically the

   Defendant represents the repellent is free of certain potentially toxic chemicals.

2. Regardless of the validity of these representations, the product is completely ineffective, and

   had this fact been disclosed, consumers would not have purchased the product.

1

3. Plaintiffs and each of the Class Members accordingly suffered an injury in fact caused by the false, fraudulent, unfair, deceptive, and misleading practices set forth herein, and seek compensatory damages and other relief,

4. The Plaintiff and Class Members seeks to enjoin such fraud, obtain disgorgement of profits from sales of the products in question and obtain appropriate monetary damages for the consumers who purchased such products in the District of Columbia.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action, and venue is appropriate in this Court, pursuant to D.C. Code §§ 11-921 and 28-3905(k)(1).

9. This Court has personal jurisdiction over the Defendant pursuant to D.C. Code §13-423, as Defendants sells their products at stores throughout Washington, D.C.

10. In addition, a substantial part of the actions which gave rise to Class Members' cause of action occurred in this jurisdiction.

## THE PARTIES

11. Plaintiff Keven Fahey is a resident of Virginia.

12. Defendant Johnson SC & Son Company is a public corporation with a principal place of business at 1525 Howe Street Racine, WI 53403

2

**LEGAL FRAMEWORK - THE INTERESTS OF THE CLASS MEMBERS AND THE GENERAL PUBLIC AND THE DC CONSUMER PROTECTION ACT**

13.      The District of Columbia Consumer Protection Procedures Act ("CPPA"), D.C. Code §

28-3901 *et seq.,* prohibits unlawful trade practices.  The prohibited trade practices include, in

relevant part, actions that

(a)   represent that goods or services have a source, sponsorship, approval, certification, accessories, characteristics, ingredients, uses, benefits, or quantities that they do not have
 (b). represent that goods have characteristics, uses, or benefits that they do not have;
  (d) represent that goods or services are of particular standard, quality, grade, style, or model, if in fact they are of another
(e) misrepresent as to a material fact which has a tendency to mislead;
(f) fail to state a material fact if such failure tends to mislead;
(f-1), use innuendo or ambiguity as to a material fact, which has a tendency to mislead
(h) advertise or offer goods or services without the intent to sell them or without the intent to sell them as advertised or offered; and
(x) to sell consumer goods in a condition or manner not consistent with that warranted by operation of sections 28:2-312 through 318 of the District of Columbia Code, Official Code, or by operation or requirement of federal law.

Section 3904.

14.      Additionally, "the CPPA's extensive enforcement mechanisms apply not only to the

unlawful trade practices proscribed by § 3904, but [also] to all other statutory and common law

prohibitions." *Osbourne v. Capital City Mortgage Corp.*, 727 A.2d 322, 325-26 (D.C. 1999).

15.      The CPPA allows for treble damages, or $1500 per violation, whichever is greater, as

well as reasonable attorneys' fees, punitive damages, an injunction against the unlawful trade

practice, "additional relief as may be necessary to restore the consumer money or property . . .

which may have been acquired by means of the unlawful trade practice," and "any other relief

the court deems proper."  D.C. Code § 28-3905(k)(1).

16.      Plaintiff brings this action on behalf of himself and as a Representative Class Members

acting for the interests of the general public of the District of Columbia, seeking relief from

Defendant's use of trade practices in violation of laws of the District of Columbia, pursuant to

D.C. Code § 28-3905(k)(1).

17.      Insect Repellant   is a "consumer good", and the Defendant is a "merchant" within the

meaning of the CPPA.  D.C. Code § 28-3901(1)(2) and (7).

**THE FAHEY PURCHASE**

18.      On November 24th 2018, , Mr. Fahey purchased a can of Off Clean Fee from the

Walmart at 9th and H Streets, Washington DC   A copy of the receipt, part of the shipping

package, and the front of the bottle are set forth as Figures 1-5, *infra*

19.      Under the CPPA, such a purchase is all that is necessary to give Mr. Fahey standing to

be the Class Representative in this action. D.C.Code § 28-3905(k) (2001) now specifies:

(k)(1) A person, whether acting for the interests of itself, its members, or the general public,
may bring an action under this chapter in the Superior Court of the District of Columbia seeking
relief from the use by any person of a trade practice in violation of a law of the District of
Columbia and may recover or obtain the following remedies
(A) treble damages, or $1,500 per violation, whichever is greater, payable to the consumer;
(B) reasonable attorney's fees;
(C) punitive damages;
(D) an injunction against the use of the unlawful trade practice;
(E) in representative actions, additional relief as may be necessary to restore to the consumer
money or property, real or personal, which may have been acquired by means of the unlawful
trade practice; or
(F) any other relief which the court deems proper.

20.      The basis for Mr. Fahey's standing and the manifestation of his alleged injury in fact is

similar to that in *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 371 (1982).

21.      In *Havens,* a national housing rights organization had a black applicant and a white

applicant submit identical resumes to an apartment complex for housing.  The purpose of the

applications was not to obtain housing; instead, the purpose was to determine whether or not the apartment complex was engaged in racial discrimination.   The housing complex approved the application of the white applicant, but denied the application of the black applicant.

22.      The *Havens* court held that the black application had standing to sue for damages, even though he never had any intention of moving into the apartment.

23.      There, the Court determined that § 804(d) of the Fair Housing Act "established an enforceable right to truthful information concerning the availability of housing," id. at 373, 102 S.Ct. 1114, and thus, plaintiffs were injured in fact and had standing to sue because of "deprivation of information about housing availability,"

24.      Similarly, in *Grayson v. AT & T Corp.*, 15 A. 3d 219 (DC 2011), a former employee of a telecommunications firm was aware that the firm was failing to escheat unused funds on prepaid telephone calling cards to the District of Columbia, as required by law.

25.      In order to have standing to sue the company to cease this practice (again, with full awareness the product was 'defective", and with no intention of using the product), the *Grayson* Plaintiff purchased such telecommunications card.

26.      DC Court of Appeals, invoking the *Havens* ruling, upheld the standing of said purchaser of prepaid telephone calling card to sue for alleged violations of the CPPA.  Consistent with *Havens*, the Supreme Court ruled as such even though, as noted above, the plaintiff was an industry insider who knew when he purchased the product that it had the defects at issue. *Grayson* at 249-252

27.      Further, the DC City Council has suspended funding of enforcement by the DC Attorney General's Office of the CPPPA. *Grayson*, *supra*, at 240.

28.      Therefore, the liberal standing requirements conferred by *Grayson* on private plaintiffs

5

are consistent with the intent of the DC City Council "provide public interest organizations and private attorneys the ability to seek injunctive relief and disgorgement of ill-gotten gains in the public interest".  *Id* at 240.

29.

*Figure 1*



M Gmail

Help Center    Your Account

## Thanks for picking up
How'd it go? Tell us.                                        Pickup

### Hello A Kevin,

Thanks for using our pickup service! We hope it was quick and easy, and that you enjoy your new items. We're always adding to the service to help you save time and money.

*-Your Walmart Customer Care Team*

### Picked up on Sat Nov 24

| Item | Qty | Status |
|------|-----|--------|
| OFF! FamilyCare Insect Repellent II, Clean Feel, 6 Ounces, 1 count | 1 | Picked up |

https://mail.google.com/mail/u/0?ik=1cfb06892&view=pt&search=all&permthid=thread-f%3A1616117972548214048&simpl=msg-f%3A1616117972754...   1/2

11/25/2018                                    Gmail - Fwd: Pickup confirmation - OFF! FamilyCare Insect...

## Helpful information

- You can see order details, purchase history and returns info <u>here</u>. Keep this email as your receipt.

- Save time! **Check in with our mobile app** when picking up your next order. We'll have it waiting for you. <u>Learn more</u>

- Visit our <u>Help Center</u> if you have any questions. Please do not reply to this email. This mailbox is unmonitored.



Walmart protects your security and privacy. We will never ask for personal information (such as passwords or credit card numbers) in an email newsletter. If you receive such a request, please do not respond to the email. <u>Learn more</u>. See our <u>Privacy Policy</u>.

Visit our <u>Help Center</u> if you have any questions. Please do not reply to this email. This mailbox is unmonitored.

© 2018 Walmart

--
A. Kevin Fahey
703-244-7658 mobile
202-239-2581 Voice Mail
5363 Birds View Lane, Unit D
Alexandria, VA 22312

This transmission is protected by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and intended to be delivered only to the named addressee(s) and may contain information that is confidential, proprietary, attorney work-product, attorney-client privileged, or otherwise protected by court orders, statutes, and other provision of law . If this information is received by anyone other than the named addressee(s), the recipient should immediately notify the sender by E-MAIL and by telephone (703-244-7658 or 202-239-2581) and obtain instructions as to the disposal of the transmitted material. In no event shall this material be read, used, copied, reproduced, stored or retained by anyone other than the named addressee(s), except with the express consent of the sender or the named addressee(s). If the information is accidentally read by an unintended recipient the information is not to be used in any way nor disclosed to any other party.



8

*Figure 2*



*Figure 3*



*Figure 4*



*Figure 5*



**FACTUAL ALLEGATIONS.**

    30.       This is a class action lawsuit on behalf of purchasers of Off! Family Care Clean Feel

Insect Repellent ("Off! Clean Feel") in the United States.

31.      Defendant represents that Off! Clean Feel is an "insect repellent" that "repels

mosquitoes" and provides "effective protection from mosquitoes."  Unlike other personal

repellents distributed by Defendant, Off! Clean Feel is a deet-free formulation, and instead



contains picaridin:

32.      Unfortunately for consumers however, Off! Clean Feel is a complete sham. Scientific

evidence shows that Off! Clean Feel does not repel mosquitos.  The product is ineffective and

worthless.

33.      Independent laboratory testing commissioned by Plaintiff's counsel in early 2018

revealed that Off! Clean Feel was ineffective in repelling Aedes mosquitoes and Culex

mosquitoes – the two most worrisome and common species of mosquitos found in the United

States.[1]

34.      Defendant's Product failed the laboratory testing almost immediately—within half an hour of application, all of the test subjects were bitten by both species of mosquitos.

35.      This is a stark contrast to the instructions of the product, which specify to"[r]eapply every 3-4 hours.  Frequent reapplication and saturation are unnecessary.  Do not apply more than three times per day." Off! Clean Feel also flunked 2016 testing by Consumer Reports "to see how effectively it protects against Aedes mosquitos (that tend to bite during the day and can spread Zika) and Culex mosquitos (nighttime biters that can spread West Nile). See [2]During the Consumer Reports testing, the subjects were bitten by both species of mosquitos within one hour after application of Off! Clean Feel.[3]

36.      This led Consumer Reports to conclude that Off! Clean Feel exhibited "[p]oor performance at repelling mosquitos." [4]

**Class Allegations**

37.      This action has been brought and may be maintained as a class action pursuant to Superior Court Rule of Civil Procedure 23 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

38.      **Relevant Time Period:** The relevant time period is defined as the time period beginning

---

[1]See https://www.nytimes.com/2016/06/29/nyregion/mosquitoes-diseases-zika-virus.html
[2]Https://www.consumerreports.org/products/insect-repellent/off-familycare-ll-clean-feel- 291704/overview/
[3]See https://www.consumerreports.org/content/dam/cro/news_articles/health/Consumer- Reports-Insect-Repellent-Ratings-February-2016.pdf.
[4]See https://www.consumerreports.org/products/insect-repellent/off-familycare-ll-clean-feel 291704/overview/

three years prior to the filing of this action until judgement is entered.

39.     **Class Definition** All persons who purchased the Products in the District of Columbia during the relevant time period.

40.     Excluded from the class are:(1) the Defendants, their subsidiaries, and their legal representatives, officers, directors, assigns and successors; and (2) all state and/or federal court judges who may preside over this case, their staff, and their immediate family members.

41.     Numerosity:     The class members are so numerous that the individuals joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes, and thereupon alleges that the actual number exceeds the minimum required for numerosity under DC law.

42.     Commonality and Predominance:  Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members.

43.     These common questions include, but are not limited to:

(a) Whether  Defendant contributed to, committed, or is responsible for the conduct alleged herein;

(b) Whether  Defendant's conduct constitutes the violations of law alleged herein;

(c) Whether  Defendant acted willfully, recklessly, negligently, or with gross negligence in the violations of laws alleged herein;

(d). Whether Class Members are entitled to injunctive relief;

(e). Whether Class Members are entitled to restitution and damages; and

(f) Whether the Defendant's conduct violated the various statutes and common law causes of action sets forth *infra* and whether Plaintiff and the Class Members are entitled to relief, and the amount and nature of such relief in the form of an injunction and /or restitution.

**Count 1**
**Violation of the CPPA**
**Implied and Express Warranties**
**Section 3904(x)**

44.     Plaintiff incorporates the allegations of paragraphs 1 through  41 as though fully set forth herein, and alleges further:

45.     As noted above, the CPPA, §28-3904, provides that is it a violation  "whether or not any consumer is in fact mislead, deceived or damaged thereby,", for any person to , inter alia, "sell consumer goods in a condition or manner not consistent with state or federal law."

46.     Section 313 of the D.C. UCC (DC Code § 28:313 provides:

(1) Express warranties by the seller are created as follows:

(a)  Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and become part of the basis of the bargain creates an express warranty that the goods shall conform the affirmation or promise.

(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

(c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

(2) It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation does not create a warranty.

64.     D.C. Code § 28-314 provides:

(a) Unless excluded or modified . . . a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind.  Under this section, the serving for value of food or drink to be consumers either on the premises or elsewhere is a sale.

(b) Goods to be merchantable must be at least such as . . .

( i ) In the case of fungible goods, are of fair average quality

16

within the description; and

      (ii) Are fit for the ordinary purposes for which such goods are used; and

      (iii) Are adequately contained, packaged, and labeled as the agreement may require; and

      (iv) Conform to the promises or affirmations of fact made on the container or label, if any.

65.      Plaintiff and DC consumers have purchased the Product from the Defendant.  The above-referenced warranties apply to the Product.  Defendant has failed to honor these warranties.

66.      The Product is not merchantable because it is neither fit for the ordinary purpose for which such good are not, not conforms to the promises or affirmations covered.

67.      §28:2-607 (3) (A) requires that a buyer must within a "reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy;"

68.      Plaintiff's counsel, on behalf of them and the DC Public, have given such notice

69.      Defendant's breaches of its Express Warranties and the Implied Warranty of Merchantability, and its sale of consumer goods in a condition and in a manner inconsistent with D.C. law and contrary to the operation and requirements of federal law constitute unlawful trade practices, which violate the rights of Class Members and D.C. consumers protected by the CPPA.  D.C. Code § 28-3904(x).

**Count 2 –**
**Violations of the CPPA –**
**Various subsections**

70.      Plaintiff incorporate the allegations of paragraphs 1 through  41 as though fully set forth herein, and alleges further:

17

71.      By marketing the Product in the manner described above, the Defendant violated the

various provisions of Section 3904 of the CPPA, set forth in more detail in paragraph 13, page 3

above.

72.       Such violations are actionable under the CPPA, and make the relief requested below

appropriate.

### Count 3
### Violations of the DC Commercial Code

73.      Plaintiff incorporates the allegations of paragraphs 1 through  41 as though fully set

forth herein, in particular those with respect to the DC Commercial Code, and alleges further

74.       The breaches of the DC Commercial Code as set forth above constitute an independent

cause of action, for which Class Members, on behalf of the DC General Public, seeks damages

as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, as to Counts 1-2 of the Complaint, Plaintiff, on behalf of the general public of

the District of Columbia, asks this court to award:

statutory or actual damages, trebled, except that in no case does any individual Plaintiff seek an
amount in excess of $74,000;

disgorgement of profits obtained through the sales of the Covered Products in the District of
Columbia;

attorneys' fees; and

an injunction against Defendant's violations of the CPPA; and

as to Count 3 monetary damages for monies wrongfully obtained by the Defendant from the DC
General Public

any other relief this court deems just and proper.

Respectfully Submitted

*Thomas C. Willcox*
Thomas C. Willcox, Attorney at Law
DC Bar No 445135
1701 16th Street, N.W
Suite 211
Washington DC   20009
Tel: 202.338.0818
T.C. 202.234.0892
tcw19law@gmail.com

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Telephone: (202) 879-1133 • Website: www.dccourts.gov**

A. KEVIN FAHEY

   Vs.                                C.A. No.      2019 CA 002888 B

SC JOHNSON & SON, INC.

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                    Chief Judge Robert E. Morin

Case Assigned to: Judge JOSE M LOPEZ
Date:  May 2, 2019
Initial Conference: 9:30 am, Friday, August 02, 2019
Location:   Courtroom 212
                500 Indiana Avenue N.W.
                WASHINGTON, DC  20001

                                                            CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief   Judge   Robert   E.   Morin

# Summons

CIVIL DIVISION
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

D.C. Superior Court
05/02/2019 08:59AM
Clerk of the Court

A Kevin Fahey et al
_____
Plaintiff

vs.

SC Johnson & Son, Inc.
1525 Howe St,
Racine WI   54303-2237
_____
Defendant

Case Number    2019 CA 002888 B

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Thomas C. Willcox
_____
Name of Plaintiff's Attorney

1701 16th Street, NW #211
_____
Address
Washington DC 20009
_____

202 338-0818
_____
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date    05/02/2019

如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202)879-4828로 전화주십시오           የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                                 Super. Ct. Civ. R. 4





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**Sección de Acciones Civiles**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

A Kevin Fahey et al.
_____
                                    Demandante
              contra

SC Johnson & Son, Inc.                          Número de Caso: _____
1525 Howe Street
Racine WI 53403-2237                _____
                                    Demandado

**CITATORIO**

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Thomas C. Willcox                                       *SECRETARIO DEL TRIBUNAL*
_____
Nombre del abogado del Demandante

1701 16th Street, NW, #211                  Por: _____
_____
Dirección
Washington DC  20009                                      Subsecretario

202 338-0818                                Fecha _____
_____
Teléfono

如需翻译,请打电话 (202) 879-4828       Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

세네카 알아버림 (202) 879-4828 코운세링처리 서신청각       የአማርኛ ትርጉም ለማግኘት: (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                  Super. Ct. Civ. R. 4